as appellant. And this is to be argued 15 minutes per side. And for the appellant, we have Todd Borden. And for the appellant, we've got David Ward. Thank you both. We'll proceed with Mr. Thank you, Your Honor. Good morning. May it please the court. My name is Todd Borden. I'm from the and I'm representing the appellant in this case of Mr. Beyer. I'm going to try to save three minutes for rebuttal. And Judge Gould, I will make sure to keep an eye on the clock as things move along. I intend to focus first on the duty to disclose argument. And then if I have time, turn to the evidentiary issue. So on the duty to disclose, in counts two and three, Mr. Beyer was convicted of violating the section 1001 concealment statute, which prohibits failing to disclose material facts to the federal government. A concealment prosecution is proper if a federal statute, a federal regulation, or the form issued by a federal agency requires, creates a legal duty to disclose certain information. Here, counts two and four charge that Mr. Beyer twice failed to disclose on an FAA medical form that one of the reasons he received medical disability benefits was because he had been diagnosed with depression. Mr. Beyer truthfully checked yes in response to question 18-Y that he received medical disability benefits. And then really the core of the case is about the explanation section on that form where Mr. Beyer mentioned knee pain in one instance, knee injury in one instance, and a knee and back injury in another instance, which were bases for which he received VA benefits. But he didn't mention every one. And so for a concealment prosecution to be valid, this court requires that any duty to disclose be created in clear, unambiguous language. And here it's our position that the form 8500-8 did not create the clear duty to disclose every single reason for which a pilot may have received disability benefits. Okay, but can you address the regulation though? Because the regulation 67.403A1 prohibits a person from making any fraudulent or intentionally false statement on any application to the FAA for a medical certificate. So why wouldn't this fall within that, especially given White Eagle where we said that failure to disclose is just as wrong as materially misrepresenting? Well, Your Honor, I do think it's important to draw the distinction between the false statement variants of 1001, where there has to be a false statement versus the concealment variant, which is what accounts to and for here that we're challenging cover. And that does require an affirmative duty to disclose. As to the regulation, it is an incredibly short regulation, and Your Honor characterized it correctly, which is that it prohibits fraudulent or intentionally false statements. Now here, Mr. Byer did not make any false statement and the government agrees with that on questions two and four. And those questions, he truthfully said he received medical disability benefits. And he online, he had to provide an explanation, correct? Correct, Your Honor. And he lied in his answer to the depression question. Yes. Correct, Your Honor. Okay. And that the form tells him that he asked that he's certifying that all answers are complete and true. And 1001 covers covering up by trick scheme or device, a material fact. And given that he had said, I didn't have this depression type of diagnosis. And he's providing a materially incomplete answer on this explanation, which conceals and covers up at least in the in the light most favorable to the government and based on the verdict by trick scheme or device, this clearly material fact, why doesn't 1001 and the certification that they're complete and correct, given the extreme materiality of this in light of his false certification as to the depression, why isn't that provide all the notice you could possibly need for a 50% major depressive disorder disability? Well, Your Honor, I think there's a lot going on with that question. So I'd like to tease it. Yes, I apologize. I apologize for that. No, that's no apologies required. It's very motion to dismiss the indictment for failure to establish a legal legal duty to disclose. And it's our position that the duty to disclose element is a question of law for the district court. And so I understand that there's a lot of sort of facts that Your Honor cited that might suggest that there was perhaps deceptive intent. And again, we're not challenging counts one and three, which relate to the depression question. But for counts two and four, the key inquiry is whether or not there is that legal duty to disclose. And for that, when we look to the court's precedent, particularly Murphy, which is the case that involves a duty to disclose that arises from a form, the court really engages in a close textual analysis of the form itself and the questions and any particular defendants own answers on the form really, it's our position isn't probative because the duty to disclose is a question of law for the judge to decide. And and a certification that all of the statements and answers are complete and true. That's not a that certification isn't enough in your view. No, Your Honor. Let me explain why. So again, the truthfulness aspect of the certification for counts two and four, in my view, doesn't come into because the explanation to question 18. Why? I think as the government agrees does not contain any false statements. But that's assuming that true doesn't include concealment. I mean, I get and also completes in there as well. So I guess you're going to go to explain complete, but I don't think true just means there's no false statements. I think true also means you fully disclosed. I mean, White Eagle seems to suggest that the concealment from silence makes it not true. Your Honor, I use gender 101 or 1001. So Your Honor, I would say as to the completeness question, I don't necessarily think that really flushes out a lot as far as what makes an answer complete. I think really the core, you know, because complete really depends on what you're actually being asked to do. So give a complete answer. You know, it's not that I don't think that sheds necessarily any light on what the actual duty to disclose is. But But don't you have to look at complete in context? Don't you have to look at the question and the nature of the answer to see if it is complete. And even though you're saying this is a question of law, the question of law includes the undisputed facts, right? It includes what's on the form, what the answers were. And if he had, if, if the mental disorder diagnosis, if the major depressive diagnosis was irrelevant to granting the airman certificate, then I think you would have multiple defenses, but because it goes to such the heart of this, how can this be complete without that answer? And why isn't in the context of this application, the word complete enough in conjunction with the words of 1001 to make it clear to any person of ordinary intelligence that there's going to be a But, you know, again, we because it's a legal question, whether or not there is that duty to disclose, it's Mr. Byers position that it really needs to be an analysis of what the question itself says, independent of what his particular answers are. And if you look to Murphy, really, the courts there is engaging in that close textual analysis of what the particular IRS form in that Mr. Byers, you know, comments, they might bear on mens rea and other elements of the offense, his particular answers. But I do think the court needs to, I may not be persuading the court, but I do think the court needs to really look at this as a question of law, which is the Sixth Circus position. And I think what the court did in Murphy, and really just engage in analysis of the statute, and I think the concern... How can you say it's complete? Question 18 says, have you ever in your life been diagnosed with, had, or do you presently have any of the following? And one of those that is listed is mental disorders of any sort, depression, anxiety, etc. And he didn't check that box, right? Judge Nelson, that concerns counts one and three. I mean, counts one and three charged him with the false statement on that count. But counts two and only concerns the state question 18 why, which is the medical disability benefits explanation. So I acknowledge that his answer to the question you highlight may be relevant to mens rea and other elements for the question in play here. But I really urge the court to sort of narrowly focus on the duty to disclose. What is the other question? It's the same question we're talking about, though, right? On the duty to disclose? I know, Your Honor, it's a question. So the depression question, I have it in front of me, and I'm not seeing the particular subpart. It's on excerpts of Record 418. And I'm sorry, I should have highlighted it. Okay, but the duty to disclose is... It's 18M, vice 18Y. Thank you, Judge Bennett. I'm mildly embarrassed that you knew the record a little better than I did at that moment. I'm running a little low on time. I just like to... I do think the duty to disclose question is important. So unless there are any other questions on that, I'd like to briefly talk about the evidence. Mr. Borden, I'd like to interject a question, please. Yes, Your Honor. I'll give you an extra minute if you need it. I have two questions. One is just about real world impact on your client. What's the sentencing impact if there were four counts of conviction, as opposed to two counts of conviction? As a practical matter, none, Your Honor. Mr. Byer received the minimum possible sentence of one year probation, and that has expired. So what's the impact of the convictions for lack of completeness, or just that it's more of a criminal history? Well, he would certainly have two fewer criminal convictions, which is important. And really the backstory of this is that Mr. Byer wishes to pursue a career in aviation, and really the fact that the felony conviction alone is really making... Going to really inhibit his ability to do much at all. Won't he already have a... He'll already have a felony conviction. That's true, Your Honor. I mean, I acknowledge that this particular argument does not go... I would have to win the evidentiary arguments in order to wipe out all of that. So that's right. Okay. My other question, and I'm probably getting off strict legal issue, but haven't there been cases where depressed pilots took aircraft down somewhere? Because of their depression, making that essential that any aspect of that kind of question be answered fully for the benefit of the government, if your client's trying to get a certificate to be an airman. I think that's right, Your Honor. I think my that is an FAA enforcement priority. That's my understanding. And again, at least as to this argument, we're not really disputing the counts one and two that concern the answer on the actual depression question, but I think you're right, Your Honor, that that is what's kind of driving that. I see I'm close to the expiration of my time. I can discuss the evidentiary issue if the panel has interest or otherwise, I'd like to reserve the balance of my time. Okay. Well, either way, I'll give you two minutes for rebuttal. If you want to talk about the evidence issue, go ahead. Okay. Well, I appreciate your indulgence. I'll try to be as brief as possible, Judge Gould. What the district court did here is exclude the entirety of both the testimony of both defense experts on relevance grounds, which is an incredibly low bar to clear. And I just especially just urge the court to look to Dr. Denison's anticipated testimony, which is an excerpt of record 115. The topics he planned to testify about were incredibly similar to those that the government's aviation expert testified about. And it's our position that Mr. Beyer should have been allowed to testify about these, have his expert testify about these same topics, like how the FAA handles these disclosures. And again, under the very low standard for relevance, we believe the district court abused its discretion. Thank you, counsel. Thank you, Your Honor. Proceed to Mr. Ward. Good morning, Your Honors, and may it please the court. I'm David Ward and I represent the because the evidence was sufficient to find that Mr. Beyer had a duty to disclose all the bases for which he was receiving medical disability benefits. And second, the district court, Judge Breyer, did not abuse its discretion in excluding the two of those defense experts. Let me focus on the duty to disclose issue because that seems to be the focus of the court's questions. Judge Nelson is correct that this court in White Eagle addressed the issue. And the White Eagle court found that in a concealment case, when a defendant responds to specific questions on a specific topic, in those situations, silence is akin to affirmative misrepresentation and therefore logically falls within the scope of 1001's prohibition on false and fraudulent statements. Now, a duty to disclose can be found in the statute, in the regulation, and in the form. And you have all of that here and put together, provided sufficient notice to Mr. Beyer as to what he needed to disclose on the form. The statute 67-403 requires specifically an applicant filling out this specific form to not provide any false or fraudulent statements. That put Mr. Beyer on notice. The form also contains numerous points where Mr. Beyer is notified that his answers need to be true and complete, starting with the box at the end of the form. This was testified to a trial. It was an electronic form. At the end of the form, a box pops up and you have to affirmatively check the box and assert that your answers are true and complete. And Mr. Beyer did that. His answers were not complete. And to address my friend in the court's questions, complete... Do you think his answers, what about true? It says complete and true. Would you say his answer is also not true or would you say his answer is just not complete? I would say his answers were fraudulent in that they were true also means in this context complete. He failed to disclose the major depressive disorder, the major reason that he was receiving these benefits. If the court looks to his answers on question M, which are the counts one and three, he lied about whether he had been diagnosed with major depression. Would this have been different if he'd actually checked the box in the first question but then not put it into the written? I guess you would probably have the same position here. Because he didn't check the box when he said I've been diagnosed with depression, right? And that's counts one and three. But if he had checked that box, would that have made your omission because he disclosed it on another part of the form but not the specific written part of it? The form requires that the answer be complete. Even if he had disclosed it on question M and checked that box, the answer on question Y would still be incomplete. It might as a practical matter have made the case weaker. But the fact that he did disclose it, or excuse me, didn't disclose it goes to the fact that he is materially concealing information. Are you able to submit these forms in paper? The testimony in trial was that the forms now had to be submitted online through the FAA's MedExpress. And that's how Mr. Byers submitted it. So even if in the past you could have avoided you could have physically avoided providing an explanation, nobody has that option now. If you check yes. I don't believe so. But I do know that is a, I believe the record is that everyone submits on the MedExpress online form. And regardless, Mr. Byer submitted on the online form. Right. That was established. So he had a requirement to fill out the form correctly. The Judge Gould asked the question whether there had been an instance of a depressed pilot taking down an aircraft. And in fact, that is in the record. Dr. Northrup, the FAA's Chief Flight Surgeon, testified that the German wings air pilot who flew his plane into the side of the Alps was determined that he was suffering from major depressive disorder, the same disorder that Mr. Byer had. So it is something that is important and relevant to the FAA. The defense relies heavily on both White Eagle and Safavian for the proposition that there wasn't a duty to disclose here. But in both of those cases, you are not dealing with a form and certainly not a form that you're dealing with in this case that had a specific checkbox and a specific prohibition warning that a concealment of material facts could be a crime and not a form where you had a question that says have you had or do you have any specific benefit and then describe the condition. And your comment must include a description of the situation. In Safavian and White Eagle, the concealment prosecutions rested on a government regulation, which unlike this case is not a specific regulation applying to a specific applicant filling out this specific form. It's a broader government regulation. It required barred government for engaging in fraud or fraudulent statements. This is very different. In this case, looking at the form, the regulation as a whole, there's clearly a duty that has been established and Mr. Byer did not meet that duty. I'm happy to answer court's questions. I can certainly address the evidentiary issues and the exclusion of the experts. The district court was well within its discretion in excluding both experts. The court found that neither expert was relevant. Dr. Dennison would have, according to the defense proposed testimony, have testified as to how the FAA addressed issues of mental disorders among pilot applicants and would argue that therefore that made his answer not material. But that testimony misses the mark. The materiality question focuses on whether the question itself was capable of influencing the FAA. Clearly, the testimony established that it was capable of influencing the FAA and Dr. Northrup was very clear that a yes or no answer was capable of influencing the FAA. What they did once it influenced the FAA and how they addressed it is a different question and is a legitimate policy question, but is not a question as to whether the answer was material to the FAA and Judge Breyer did not abuse his discretion in finding that Dr. Dennison would not and probably could not say that the yes or no answer itself was not capable of influencing the FAA. And that's backed up by the testimony of Dr. Northrup, who was very clear and explicit that it was incredibly important to the FAA to know, as an initial matter, whether an applicant suffered from a mental disorder. Dr. Patty's testimony was similarly properly excluded and Judge Breyer did not abuse his discretion in excluding her testimony. She would have testified that having examined Mr. Breyer's medical records, she believed that he was misdiagnosed with major depressive disorder and therefore may not have had the mens rea when he answered the questions he did. As an initial matter, Judge Breyer says, and he's correct in holding that it doesn't matter because the question isn't just do you have or have you had, but also have you ever been diagnosed with a major depressive disorder? And there's no question that Mr. Breyer was diagnosed with a major depressive disorder. And as I understand it, she wasn't proposing to testify that sometime before he filled the form, she informed him that he'd been overdiagnosed. That is correct, Your Honor. And based on the expert disclosure, Dr. Patty never examined or spoke to Mr. Breyer. She examined, according to the proposed testimony, his medical records and reached the conclusion, I think, would have testified that based on her experience, the VA may tend to overdiagnose veterans with disorders in certain situations. But it isn't the question that was asked, and so it's not relevant. Even if you accept that he read the question as to whether he was correctly diagnosed, Dr. Patty's testimony sheds very little light at all on whether that would affect his mens rea and it should not have been heard on relevance ground. But as a primary matter, it's not relevant because the question asks, have you ever been diagnosed with a mental disorder? And Mr. Breyer answered falsely. Whether he was correctly diagnosed or not wasn't relevant to that answer. I'm happy to answer any of the court's questions. If they have further questions on the evidentiary issue or the duty to disclose. I have no questions. No questions. No further. Judge Nelson, no questions. We have no more questions. We'll return to Mr. Borden. Thank you, Your Honor. I'll give you two minutes of rebuttal. Thank you, Judge Gould. I appreciate that generosity. I'm going to just make a few more points about the duty to disclose question and sort of that aspect of the arguments. A factual point to something you raised, Judge Bennett, I believe both the current online version of the form and the prior paper version, both of them did say if you check yes, you need to say something in the comments section. But really, I think the core of this comes down to what the online instructions say you have to say in response to a yes answer because it is Mr. Borden's comments to question 18Y that's the basis for this prosecution. And the instructions just say enter comments and explain each item. Describe the condition as required in a separate set of instructions. And it must include a description of the situation, including the approximate date and occurrence. And, you know, those questions don't, nowhere to that specific instruction does it say you have to list particular underlying reasons for receipt of medical disability benefits. And presumably a defendant could comply with the statute by saying I received medical disability benefits from the Veterans Administration. I received them on date X, not say anything about what the basis for that is. And I think that would probably comply with statute because the instructor, or rather the form, because the form doesn't require any specific explanation. I might also point the court to the paper instructions. Those are excerpts of record 185. Those are incorporated by reference from the online form. And the paper instructions include really detailed discussions about what disclosures are required for criminal history. I think that was in response to the 11th Circuit's opinion in Manapat where they felt that criminal history questions in a medical, in a form question that's overall about medical stuff just doesn't make sense. And also there's a lot of detailed descriptions about substance abuse. So we know the FAA knows how to give detailed instructions, but when it comes to medical disability benefits, they just have not in this form. And for that reason, we would respectfully ask the court to reverse Mr. Byer's convictions on count two and four. Thank you, Your Honor. Okay. Thank you, counsel. Well, I thank Mr. Borden and Mr. Ward for their excellent, strong arguments on both sides of the case. The Byer case shall now be submitted. And the advocates will hear from the panel in due course.  The clerk should please announce that we will now take a recess for 10 minutes for proceeding to our two additional cases to be argued. This court stands in recess for 10 minutes.
judges: GOULD, BENNETT, NELSON